ELEANOR M. LACKMAN (SBN 298594)
  eml@msk.com
ALEXANDRA ANFUSO (SBN 333440)
  ala@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiff
The Influential Network, Inc

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| THE INFLUENTIAL NETWORK, INC., a Delaware corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>DARKSTORE, INC., a Delaware corporation,<br><br>  Defendant. | CASE NO. 2:21-cv-7162<br><br>**COMPLAINT**<br><br>**Demand For Jury Trial** |

Plaintiff The Influential Network, Inc. ("Influential"), by its attorneys Mitchell Silberberg & Knupp LLP, for its complaint against Darkstore, Inc. ("Darkstore"), alleges as follows with knowledge as to its own acts and upon information and belief as to the acts of others:

## INTRODUCTION

1. Plaintiff Influential is a premier data and media company in the influencer marketing space, offering services that connect brands with audiences.

2. In November of 2020, Influential entered into a contract with Darkstore by which Influential agreed to leverage its network of influencers to promote Darkstore's application, FastAF, in exchange for a fixed fee of $100,000. Influential had a fruitful campaign and successfully delivered new users and downloads to the FastAF application. Notwithstanding Influential's performance under the contract, Darkstore has failed and refused to pay the $100,000 due thereunder.

## THE PARTIES

3. Plaintiff Influential is a Delaware corporation, maintaining its principal place of business at 300 South 4th Street, Suite 180, Las Vegas, NV 89101, with additional offices across the country, including in Los Angeles.

4. Defendant Darkstore is a Delaware corporation with its principal place of business at 2261 Market Street, #4103 San Francisco, California. Darkstore makes the application "FastAF," which delivers products such as personal care items, electronics, beauty, and pet products, to the consumer.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because this is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. Venue is proper under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District, including that the campaign governed by the contract targeted the Los Angeles demographic; a main goal of the campaign was to increase FastAF downloads in Los Angeles; and a substantial portion of the influencers who contributed to the campaign are residents of Los Angeles.

7. This Court has personal jurisdiction over Darkstore because Darkstore maintains its principal place of business within California and because Darkstore conducts systematic and continuous business in California, including in this District.

**FACTS RELEVANT TO ALL CAUSES OF ACTION**

8. On November 13, 2020, Darkstore and Influential entered into a written agreement, the terms of which were defined by the Statement of Work (the "Statement of Work").

9. By the Statement of Work, Darkstore engaged Influential to "implement a multi-pronged strategy, leveraging local relevant influencers in the 18-45 demographic, and authentically communicating the benefits" of Darkstore's delivery application, FastAF, "driving app downloads for FastAF in Los Angeles and New York City."

10. Pursuant to the Statement of Work, Influential guaranteed five influencers, ten pieces of content, and paid impressions across Facebook and Instagram.

11. Additionally, a key indicator of Influential's performance under the Statement of Work was the number of FastAF downloads delivered.

12. Influential not only met, but exceeded its expected performance obligations under the contract.

13. The campaign began on November 30, 2020, and concluded on December 30, 2020.

14. Pursuant to the Statement of Work, Darkstore agreed to pay Influential a fixed fee of $100,000, no later than 14 days after receipt of an invoice.

15. Pursuant to the Statement of Work, for any outstanding balance not paid when due, Influential is entitled to the lesser of (i) one and one-half percent (1.5%) interest per month; and (ii) the maximum legal interest rate permitted under applicable law.

16. On December 30, 2020, Influential sent Darkstore an invoice for $100,000, due and payable under the Statement of Work.

17. Currently, more than seven months have passed since Darkstore's receipt of the invoice.

18. Despite following up with Darkstore, Darkstore has failed and refused to pay Influential any amount owed.

19. Influential has performed all of its obligations to Darkstore under the Statement of Work.

## FIRST CAUSE OF ACTION
## (Breach of Contract)

20. Influential adopts, repeats, realleges, and by this reference incorporates the allegations contained in paragraphs 1 through 18 of this Complaint as if fully set forth below.

21. The Statement of Work, dated November 13, 2020, defined the terms of the parties' agreement.

22. Influential has performed all of the covenants, conditions, and obligations that were required on its part to be performed under the Statement of Work.

23. Darkstore breached its contractual obligations to Influential by failing to pay Influential the fixed fee due and owing under the Statement of Work.

24. As a direct and proximate result of Darkstore's breach of contract, Influential has suffered and will continue to suffer damages in an amount to be proven at trial, but not less than $100,000, together with interest thereon.

25. Influential seeks compensation for all damages and losses proximately caused by these breaches.

## PRAYER

WHEREFORE, Influential respectfully requests that the Court enter judgment against defendant Darkstore, as follows:

A. For damages in an amount to be proved at trial, but no less than $100,000;

B. Interest thereon at the maximum legal rate allocated under the contract, and/or prejudgment interest; and

C. For any such other and further relief as the Court deems equitable and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a jury trial.

Dated:  September 7, 2021

ELEANOR M. LACKMAN
ALEXANDRA ANFUSO
MITCHELL SILBERBERG & KNUPP LLP

By: _____
Eleanor M. Lackman
Attorneys for Plaintiff
The Influential Network, Inc.